HOUSTON, Justice.
Jackie Stuart McMillian[1] sued Charles A. Fetner, the director of Bryce Hospital; Ken Wallis, the commissioner of the Alabama Department of Mental Health and Mental Retardation; and Dr. Humphry Osmond, a staff psychiatrist at Bryce Hospital, Dr. Cynthia Bisbee, a staff psychologist, and Patricia Scheiffler-Roberts, a staff social worker — the latter three were members of the treatment team at Bryce Hospital in charge of David Mayo Stuart, a patient at the hospital. McMillian alleged that Stuart, her brother, had been wrongfully and/or negligently released from Bryce Hospital, and she sought monetary damages for injuries she claimed to have suffered as a result of an assault and battery committed on her by Stuart after his release. Both Stuart and McMillian were living with their aunt at the time of the attack. The trial court entered a summary judgment for all of the defendants, holding that they had been engaged in the exercise of a discretionary function (so as to have substantive immunity) and, therefore, that they were immune from liability. McMillian appealed. This Court affirmed the summary judgment as to Fetner and Wallis; however, we reversed the judgment as to Osmond, Bisbee, and Scheiffler-Roberts and remanded the case for further proceedings as to those defendants. See McMillian v. Wallis, 567 So.2d 1199 (Ala.1990), for a better understanding of the facts in this ease. McMillian later died, of causes unrelated to the assault and battery committed by Stuart, and her husband, Lawrence Lowery, as the administrator of her estate, was substituted as the plaintiff, pursuant to Rule 25, Ala.R.Civ.P. The case proceeded to trial against Osmond, Bisbee, and Scheiffler-Roberts and resulted in a jury verdict for Lowery in the amount of $1,000,000 in compensatory damages and $1,500,000 in punitive damages. However, the trial court, pursuant to the defendants’ motion, entered for them a judgment notwithstanding the verdict, on the ground that Lowery had failed to prove that the defendants’ actions were the proximate cause of McMillian’s injuries. Lowery appealed. For the following reasons, we affirm.
In McMillian, supra, we held that the plaintiff had presented a scintilla of evidence that Osmond, Bisbee, and Scheiffler-Roberts were not exercising a discretionary function and thus were not entitled to the umbrella of substantive immunity from liability for their failure to refer Stuart to an internal review board before his release from Bryce Hospital. But for that evidence (consisting of the testimony of Dr. John R. Goff, Ph.D., a former chief of psychology at Bryce Hospital), we would have affirmed the summary judgment as to Osmond, Bisbee, and Scheiffler-Roberts on the ground that they were exercising a discretionary function when they decided to release Stuart and, thus, that they were immune from liability. The dispositive issue now presented is whether Lowery introduced any evidence at trial tending to show that the failure to refer Stuart to the review board proximately caused MeMillian’s injuries. If he did not, then the judgment for the defendants was proper.
After carefully reviewing the record and the briefs of the parties, we conclude that there was no evidence from which one could draw a reasonable inference that the defendants’ failure to refer Stuart to the review board was the proximate cause of McMillian’s injuries. The undisputed evidence showed that the review board was created to assist the treatment teams in certain difficult cases; however, the board had no veto power over an attending psychiatrist’s decision to release a patient. The decision as to whether a patient was well *1049 enough to release, and the conditions under which he was to be released, were totally within the province of the attending psychiatrist, who acted in consultation with the other members of the patient’s treatment team. In order to provide the necessary causal link between the defendants’ decision not to consult the board and McMillian’s injuries, Lowery had to show that Stuart would not have been released had he been referred to the review board. We can find no evidence in the record showing that, even if the review board had been consulted, the defendants would not have agreed to release Stuart to his aunt. Goff was the only member of the review board who testified that, had he been consulted about the case, he would have recommended that Stuart not be released to his aunt. In contrast, Dr. Alex Salillas, another member of the review board, testified that had he been the attending psychiatrist, he would not have even referred Stuart to the board. When asked why she had not recommended that Stuart be referred to the review board, Bisbee testified that the treatment team “felt that it [the release of Stuart to his aunt] was a good placement” and that the treatment team “did not feel that [it] needed a second opinion.” When asked whether he thought there would have been a “high likelihood” that Stuart would have remained in the hospital if the review board had been consulted, Osmond testified that he “wouldn’t think so.”
It is familiar law in this state that a conclusion based on speculation or conjecture as to liability is not a proper basis for a verdict. See Alabama Power Co. v. Smith, 409 So.2d 760 (Ala.1981), and other cases collected at 9 Ala. Digest, Evidence § 597 (1989). As this Court stated in Griffin Lumber Co. v. Harper, 247 Ala. 616, 622, 25 So.2d 505, 510 (1946):
“If we are to speculate, other causes may be conjectured, but, as disclosed by our decisions, verdicts may not be rested upon pure supposition or speculation, and the jury will not be permitted to merely guess as between a number of causes, where there is no satisfactory foundation in the testimony for the conclusion which they have reached.”
The evidence simply fails to show whether any member of the review board, other than Goff, would have disagreed with the treatment team’s decision to release Stuart to his aunt and whether any member of the treatment team would have changed his or her mind about Stuart’s release. Because the jury in the present case had no evidence before it from which it could have reasonably inferred that Osmond would not have released Stuart, even if the review board had been consulted, we conclude that the jury’s finding of a causal connection between the defendants’ actions and McMillian’s injuries was based on pure speculation. We hold, therefore, that an essential element of Lowery’s cause of action — proximate cause — was not proven and, consequently, that the judgment notwithstanding the verdict was proper.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.
ALMON, J., concurs in the result.
KENNEDY, J., dissents.

. McMillian later took the name Lowery.